MICHAEL A. LUKES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lukes v. Commissioner
Docket No. 29000-85.
United States Tax Court
T.C. Memo 1988-116; 1988 Tax Ct. Memo LEXIS 141; 55 T.C.M. (CCH) 410; T.C.M. (RIA) 88116; March 16, 1988. Michael A. Lukes, pro se. James B. Ausenbaugh, for the respondent. SWIFT
MEMORANDUM FINDINGS OF FACT AND OPINION SWIFT, Judge: Respondent determined a deficiency in petitioner's Federal income tax liability for 1981 and additions to tax as follows: Petitioner's estimate of the total business-related expenses incurred by him that were not reimbursed by Northridge Securities, in 1981 are as follows: Type of Expense
1981 Estimate
Long Distance Telephone Calls
$ 6,000
Cards and Stationery
500
Postage Stamps
300
Business Luncheons
480
Extension on Trade Dates
1,200
Write-off Charges
3,000
Total
$ 11,480
Write-off charges involved situations where petitioner's clients neglected *142 to pay amounts due on their accounts with Northridge Securities. In those situations, petitioner had to pay the delinquent amounts, apparently without reimbursement from the clients. Petitioner was considered by Northridge Securities to be an independent contractor. Commission payments to him from Northridge Securities in 1981 totaled $ 24,618. Petitioner, however, did not make any estimated tax payments in 1981, nor did he file a 1981 Federal income tax return. OPINION Petitioner claims that in spite of his failure to document expenses related to his brokerage income, his estimates of those expenses should be allowed. Petitioner also claims that, based The business-related luncheons are governed by section 274(d) which requires substantiation by adequate records or by sufficient evidence corroborating the taxpayer's own statement to support a deduction therefor. Based on petitioner's general testimony, we cannot estimate any amount for allowable business luncheons. Sec. 1.274-5, Income Tax Regs.
On the facts of this case, petitioner's failure to file a return and keep adequate books and records relating to his business income and expenses establishes his liability *143 for the additions to tax. Stovall v. Commissioner,762 F.2d 891, 895 (11th Cir. 1985), affg. a Memorandum Opinion of this Court; Smith v. Commissioner,66 T.C. 622, 651 (1976), revd. and remanded on another issue 601 F.2d 196 (5th Cir. 1979). [2]
Decision will be entered under Rule 155.
Footnotes
2. Hable v. Commissioner,T.C. Memo. 1984-485↩.